IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AZIZ YASIR AZIM ALI,

    Plaintiff,                    No.  2:12-mc-0038 GEB GGH P

    vs.

STATE OF CALIFORNIA,

    Defendants.             ORDER

_____/

        Plaintiff, proceeding pro se, has filed an action in this court, though it is difficult to discern the nature of this action.  It appears that plaintiff is being criminally prosecuted in state court for shoplifting and seeks this court to remove the prosecution to federal court and plaintiff also seeks monetary damages.  The court will construe this action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        To the extent plaintiff is attempting to challenge ongoing criminal proceedings, principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).

        To the extent plaintiff is attempting to seek relief pursuant to 42 U.S.C. § 1983, plaintiff is informed that in Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner

brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

Plaintiff will be provided 21 days to file an amended petition and demonstrate exceptional circumstances pursuant to Younger v. Harris, 401 U.S. 37, 43-54 (1971), to warrant intervention. Failure to file an amended petition will result in a recommendation that this action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall reclassify this action as a prisoner case brought pursuant to 28 U.S.C. § 2254.

\\\\\

\\\\\

\\\\\

2. Plaintiff will be provided 21 days to file an amended petition. Failure to file an amended petition will result in a recommendation that this action be dismissed.

DATED: June 4, 2012

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE

GGH: AB
ali0038.ord